1  Daniel R. Forde, Esq. (SBN: 248461)
2  dforde@hoffmanforde.com
   Hoffman & Forde, Attorneys at Law
3  3033 Fifth Avenue, Suite 225
4  San Diego, CA 92103
5  P: (619) 546-7880
6  F: (619) 546-7881

7  Attorneys for Tramy Duong

8

9

10          UNITED STATES DISTRICT COURT
11        SOUTHERN DISTRICT OF CALIFORNIA

12  | TRAMY DUONG, INDIVIDUALLY | Case |
13  | AND ON BEHALF OF ALL OTHERS | No: '11CV0943 AJB CAB |
    | SIMILARLY SITUATED | |
14  | | |
15  |                  PLAINTIFF, | CLASS ACTION |
16  | v. | COMPLAINT FOR DAMAGES AND |
    | | INJUNCTIVE RELIEF PURSUANT |
17  | JIFFY LUBE INTERNATIONAL, | TO THE TELEPHONE CONSUMER |
18  | INC., AND HEARTLAND AUTOMOTIVE | PROTECTION ACT, 47 U.S.C. |
    | SERVICES, INC. | § 227 ET SEQ. |
19  | | |
20  |                  DEFENDANT. | Jury Trial Demanded |
21

22                    INTRODUCTION

23  1.  Tramy Duong, (Plaintiff), through Plaintiff's attorneys,
24      brings this class action for damages, injunctive relief,
25      and any other available legal or equitable remedies
26      resulting from the illegal actions of Jiffy Lube
27      International, Inc. and Heartland Automotive Services,
28      Inc. ("Defendants") in negligently, and/or willfully

1    contacting Plaintiff on Plaintiff's cellular telephone,
2    in violation of the Telephone Consumer Protection Act,
3    47 U.S.C. § 227 et seq., ("TCPA"), thereby invading
4    Plaintiff's privacy.  Plaintiff alleges as follows upon
5    personal knowledge as to himself and her own acts and
6    experiences, and, as to all other matters, upon
7    information and belief, including investigation
8    conducted by her attorneys.

                         **JURISDICTION AND VENUE**

10   2.   Jurisdiction of this Court arises pursuant to 28 U.S.C.
11        § 1332(d)(2) because Plaintiff seeks relief on behalf of
12        a national class action, which will result in at least
13        one class member belonging to a different state than
14        that of Defendants. Plaintiff also seeks up to $1,500 in
15        damages for each call in violation of the TCPA, which,
16        when aggregated among a proposed class number in tens of
17        thousands, exceeds the $5,000,000 threshold for federal
18        court jurisdiction.  Therefore, both elements of
19        diversity jurisdiction under the Class Action Fairness
20        Act of 2005 ("CAFA") are present and this Court has
21        jurisdiction.
22   3.   Venue is proper in the United States District Court for
23        the Southern District of California pursuant to 18
24        U.S.C. § 1391(b) and 1441(a) because Defendant, Jiffy
25        Lube International, Inc. does business within the State
26        of California and the County of San Diego and is a
27        citizen of Texas, as that is its principal place of
28        business and incorporated in the State of Delaware.

---
Complaint for Damages

1

2                                    **PARTIES**

3   4.  Plaintiff is, and all times mentioned herein was, an

4       individual citizen and resident of the State of

5       California.  Plaintiff is, and all times mentioned

6       herein was, "person(s)" as defined by 47 U.S.C. §153

7       (10).

8   5.  Defendant, Jiffy Lube International, Inc. owns more than

9       2,000 franchised service centers in the fast lube

10      industry and is one of the top 200 franchise chains by

11      worldwide sales.

12  6.  Defendant Heartland Automotive Services, Inc. is a

13      Minnesota corporation with its principal place of

14      business in Nebraska and one of the largest franchisees

15      of Defendant Jiffy Lube International, Inc.

16  7.  At all times mentioned herein, Defendant, Jiffy Lube

17      International, Inc. was and is a corporation and "person

18      (s)" as defined by 47 U.S.C. § 152 (10).

19  8.  At all times mentioned herein, Defendant, Heartland

20      Automotive Services, Inc. was and is a corporation and

21      "person(s)" as defined by 47 U.S.C. § 152 (10).

22                            **FACTUAL ALLEGATIONS**

23  9.  At all times relevant, Plaintiff was an individual

24      residing within the State of California in the County of

25      San Diego.  Plaintiff is, and at all times mentioned

26      herein was, a "person" as defined by 47 U.S.C. § 153

27      (10).

28      //

---

Complaint for Damages                                    – 3 of 12 –

10. Defendant is, and at all times mentioned herein were, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

11. At all times relevant Defendants, conducted business in the State of California and in the County of San Diego.

12. Plaintiff maintains cellular service with a common cellular telephone service provider and maintains cellular telephone number. Plaintiff has maintained this cellular telephone for a period of time.

13. Plaintiff has never provided this cellular telephone number to Defendants or provided any type of prior express consent to receive sales solicitations through Plaintiff's cellular telephone.

14. On April 21, 2011 Plaintiff received an unsolicited advertisement, via text message from Defendants sent to Plaintiff's cellular telephone number.

15. The telephone identification number provided in the text message read "Text from 723-45" The text message stated in pertinent part:

   "Jiffy Lube customers 1-time offer:
   Rply Y to join out eClub for 45% off
   a Signature Service Oil Change!
   STOP to unsub Msg&data rates may apply...."

16. On April 21, 2011, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, Defendant scontacted Plaintiff on Plaintiff's cellular telephone via an

1  "automatic telephone dialing system," as defined by 47
2  U.S.C. § 227 (a)(1).

3  17. During this telephone call and/or sending of the
4      unsolicited text message, Defendants used "an artificial
5      or prerecorded voice" as prohibited by 47 U.S.C. § 227
6      (b)(1)(A) and/or an "automatic dialing system" to make
7      "any call" to "any telephone number assigned to a ...
8      cellular telephone service" as provided in 47 U.S.C. §
9      227(b)(1)(A)(iii).

10 18. The telephone number Defendants called and/or sent the
11     unsolicited text message was assigned to a cellular
12     telephone service for which Plaintiff incurs a charge
13     for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

14 19. These telephone call and/or unsolicited text message
15     constituted a call that was not for emergency purposes
16     as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

17 20. Plaintiff did not provide prior express consent to
18     receive calls and/or unsolicited text messages on
19     Plaintiff's cellular telephone, pursuant to 47 U.S.C. §
20     227 (b)(1)(A).

21 21. These telephone calls by Defendants violated 47 U.S.C. §
22     227(b)(1).

23                    CLASS ACTION ALLEGATIONS

24 22. Plaintiff brings this action on behalf of himself and on
25     behalf of and all others similarly situated ("the
26     Class").

27 23. Plaintiff represents, and is a member of, the Class,
28     consisting of all persons within the United States who

---

Complaint for Damages

1   received any telephone call from Defendants or its agent

2   (s) to said person's cellular telephone made through the

3   use of any automatic telephone dialing system or with an

4   artificial or prerecorded voice, which call was not made

5   for emergency purposes or with the recipient's prior

6   express consent, within the four years prior to the

7   filing of this Complaint.

8   24. Defendants and its employees or agents are excluded from

9   the Class.   Plaintiff does not know the number of

10   members in the Class, but believes the Class members

11   number in the tens of thousands, if not more.   Thus,

12   this matter should be certified as a Class action to

13   assist in the expeditious litigation of this matter.

14   25. Plaintiff and members of the Class were harmed by the

15   acts of Defendants in at least the following ways:

16   Defendants illegally contacted Plaintiff and the Class

17   members via their cellular telephones thereby causing

18   Plaintiff and the Class members to incur certain

19   cellular telephone charges or reduce cellular telephone

20   time for which Plaintiff and the Class members

21   previously paid, by having to retrieve or administer

22   messages left by Defendants during those illegal calls,

23   and invading the privacy of said Plaintiff and the Class

24   members.   Plaintiff and the Class members were damaged

25   thereby.

26   26. This suit seeks only damages and injunctive relief for

27   recovery of economic injury on behalf of the Class and

28   it expressly is not intended to request any recovery for

personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

27. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agent's records.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendants made any call and/or sent any unsolicited text messages (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendants should be enjoined from engaging in such conduct in the future.

29. As a person that received numerous calls and/or unsolicited text messages, using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

30. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of

separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal.   Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
#### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
#### 47 U.S.C. § 227 *ET SEQ.*

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and The Classes are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and the The Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the The Classes are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and the The Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants:

//

//

//

//

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.
### AS TO ALL DEFENDANTS

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class and Subclass member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION
### OF THE TCPA, 47 U.S.C. § 227 ET SEQ.
### AS TO ALL DEFENDANTS

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class and Subclass member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

//
//
//
//

1

**TRIAL BY JURY**

2      Pursuant  to  the  seventh  amendment  to  the  Constitution

3   of  the  United  States  of  America,  Plaintiff  is  entitled  to,

4   and  demands,  a  trial  by  jury.

5

6   Respectfully  submitted,

                                    **Hoffman & Forde**

7

8

9   Date: _____5/2/11_____           By:__/s/ Daniel Forde____
                                    Daniel Forde, Esq.
10                                   Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Tramy Duong, Individually and on Behalf of All Others Similarly Situated

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Daniel R. Forde, Esq. (SBN: 248461)

## DEFENDANTS

Jiffy Lube International, Inc., and Heartland Automotive Services, Inc.

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**'11CV0943 AJB  CAB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. §227 et seq - 28:1331 Federal Question

Brief description of cause:
TCPA

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 5,000,000.00 +

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   5/2/11

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____